UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:26-cv-00662-MWC-AS  Date: February 18, 2026

Title: Lizmarys Jose Licet Ramirez v. Fereti Semaia *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) Order GRANTING Petitioner's *Ex Parte* Application for a Temporary Restraining Order (Dkt. [2])**

Before the Court is Petitioner Lizmarys Jose Licet Ramirez's ("Petitioner") *ex parte* application ("Application") seeking a temporary restraining order ("TRO") mandating that Respondents Fereti Semaia, Kristi Noem, Pamela Bondi, Todd Lyons, and Jamie Rios (collectively, "Respondents")[1] immediately release Petitioner. *See* Dkt. # 2 ("*App.*"). On the same day that Petitioner filed the Application, she filed a Petition for Writ of Habeas Corpus. *See* Dkt. # 1 ("*Pet.*"). The Court issued a standing order on February 13, 2026, enjoining Petitioner's removal from the District pending further orders from the Court and setting a briefing schedule on Petitioner's Application. *See* Dkt. # 5. On February 17, 2026, Respondents filed a reply, stating that they "do not have an opposition argument to present." *See* Dkt. # 7 ("*Respondents' Reply*"). For the reasons below, the Court **GRANTS** the Application.

I. Background

The Application details that Petitioner is a citizen of Venezuela who fled to seek asylum in the United States. *See App.* 2. After waiting in Mexico for more than nine months for an appointment, Petitioner presented herself at the San Ysidro Port of Entry on

---

[1] The Application lists Fereti Semaia as the Warden of the Adelanto Immigration and Customs Enforcement ("ICE") Processing Center, Kristi Noem as the Secretary of the United States Department of Homeland Security ("DHS"), Pamela Bondi as the Attorney General of the United States, Todd Lyons as Acting Director of ICE, and Jamie Rios as the Acting Director for the ICE Los Angeles Field Office.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  5:26-cv-00662-MWC-AS | Date: February 18, 2026 |
| Title:  Lizmarys Jose Licet Ramirez v. Fereti Semaia *et al.* | |

December 13, 2024, using the CBP One app.  *See id.*  United States Customs and Border Protection ("CBP") granted Petitioner parole to enter the United States and served her with a Form I-862 Notice to Appear in Immigration Court.  *See id.*

After entering the United States lawfully, Petitioner applied for and received a work permit.  *See id.*  She has since worked at a seafood restaurant and saved enough money to support herself.  *See id.*  Petitioner has no criminal history.  *Id.*

On July 15, 2025, the date designated on her Notice to Appear, Petitioner appeared for her hearing at the Immigration Court in Van Nuys, California.  *See id.*  At that hearing, Petitioner appeared pro se, and DHS orally moved to dismiss her removal proceedings.  *See id.*  In favor of its motion, DHS explained that it was no longer in the government's interest to pursue removal proceedings.  *See id.*  The Immigration Judge granted DHS's motion without prejudice.  *See id.*

Upon leaving the courtroom, ICE agents followed Petitioner downstairs and arrested her before she could leave the courthouse lobby.  *See id.*  Authorities briefly detained Petitioner in Santa Ana before transferring her to the Adelanto ICE Processing Center, where she has been held without a hearing since.  *See id.* 2–3.  On January 29, 2026, Respondents again commenced removal proceedings against Petitioner under 8 U.S.C. § 1229(a).

II.     Legal Standard

      A.     *Ex Parte* Applications

"Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)).  "Consistent with [the Supreme Court's] overriding concern, courts have recognized very few circumstances justifying the issuance of an ex parte TRO."  *Id.* (discussing parties' failure to provide notice under Fed. R. Civ. P. 65(b)).

In this District, *ex parte* applications are solely for extraordinary relief and are rarely justified.  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).  A party filing an *ex parte* application must support its request for emergency relief

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  5:26-cv-00662-MWC-AS | Date: February 18, 2026 |
| Title:  Lizmarys Jose Licet Ramirez v. Fereti Semaia *et al.* | |

with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 493 (internal quotation marks omitted).

B. Temporary Restraining Orders

Federal Rule of Civil Procedure ("Rule") 65 grants district courts the power to issue injunctions and restraining orders. Issuance of a TRO, as a form of preliminary injunctive relief, is an extraordinary remedy, and the applicant for such a remedy bears the burden of proving its propriety. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In general, the showing required for a TRO and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The applicant for a TRO must show that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm absent the injunction; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 5, 20 (2008); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). "In the Ninth Circuit, a plaintiff may also prove a TRO is warranted by raising 'serious questions going to the merits.'" *NML Cap., Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp. 2d 1111, 1125 (C.D. Cal. 2011) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)). Where the non-movant is a government entity, "the third and fourth [*Winter*] factors . . . merge." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc).

III. Discussion

A. *Ex Parte* Application and *Mission Power* Factors

Petitioner has satisfied the *Mission Power* factors. Petitioner has been in custody since July 15, 2025, despite having entered the United States lawfully and having no criminal history. Moreover, ICE detained Petitioner after DHS had dismissed removal proceedings against her, only commencing removal proceedings again more than six months after Petitioner's initial arrest. If the Court heard the Application according to regularly noticed motion procedures, that would leave Petitioner detained without access

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00662-MWC-AS                                      Date: February 18, 2026

Title:     Lizmarys Jose Licet Ramirez v. Fereti Semaia *et al.*

to any due process for at least an additional 28 days.  Though Petitioner could have sought the TRO sooner, the fact that she provided ICE time to give her some additional due process cannot cut against her.  However, after months in continued detention without the requisite process, *ex parte* relief is warranted.

      B.      <u>Request for Release from Detention</u>

Petitioner is entitled to a TRO mandating her release from detention.  The Court will discuss each of the *Winter* factors in turn.

      *i.*      *Likelihood of Success on the Merits*

Petitioner has demonstrated a likelihood of success on the merits of her request for release from detention.  She argues that immigration authorities deprived her of the procedural protections that the Due Process Clause of the Constitution requires.  *See App.* 4.  "Given that due process interests are at stake, we look to the test outlined in" *Mathews v. Eldridge*, 242 U.S. 319 (1976).  *See Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1160 (9th Cir. 2004).  There, the Supreme Court discussed the need to consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

Petitioner explains that she has an interest in remaining in her home and continuing her employment.  *See App.* 5.  Petitioner's reliance on the "implied promise" that immigration authorities would not revoke her liberty was justifiable given her compliance with all conditions of her admission to the United States.  *Cf. Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025).  Because Petitioner's detention impedes her ability to maintain gainful employment, her private interest in remaining free from detention is significant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00662-MWC-AS                                             Date: February 18, 2026

Title:      Lizmarys Jose Licet Ramirez v. Fereti Semaia *et al.*

Regarding the second *Mathews* factor, Petitioner notes that she received no pre-deprivation process of any kind. *See App.* 5. "The absence of pre-deprivation procedures creates a high risk of erroneous liberty deprivation." *Gomez Romero v. Wamsley*, No. C25-2207-JHC-MLP, 2025 WL 3628633, at *1 (W.D. Wash. Dec. 8, 2025). For that reason, the second *Mathews* factor counsels in favor of Petitioner's release.

Regarding the government's interests, the Court remains cautious not to invade the province of the executive branch in immigration enforcement, normally opting to provide more limited forms of relief. *See, e.g.*, *Zaiko v. Janecka*, No. 2:25-cv-08646-MWC-AGR, 2025 WL 3049856, at *3 (C.D. Cal. Sept. 15, 2025). But where Respondents have explained that they do not oppose Petitioner's immediate release, ordering anything short of that relief would cause needless delay and interfere with the efficient administration of the nation's immigration laws. *Cf. Ruiz v. Noem*, No. 3:25-cv-03536-RBM-BJW, 2025 WL 3719888, at *2 (S.D. Cal. Dec. 23, 2025) (ordering immediate release from immigration detention where the remedy would not prejudice respondents and delay in ordering release would interfere with the efficient administration of immigration laws); *Barsanti v. DeLoach*, No. CV-25-00303-PHX-KML, 2025 WL 563466, at *4 (D. Ariz. Feb. 20, 2025) ("This non-opposition means the court assumes plaintiffs have a strong likelihood of success or, at least, there are serious questions going to the merits."); *Padilla v. Bowen*, No. 2:25-cv-10780-CAS-SK, 2025 WL 3251368, at *8 (C.D. Cal. Nov. 21, 2025). Accordingly, all three *Mathews* factors favor Petitioner's release.

Separately, Petitioner identifies that Respondents did not properly revoke Petitioner's parole under the Administrative Procedure Act ("APA"). In the absence of a justification for revoking Petitioner's parole, the deprivation of her liberty is arbitrary and counsels in favor of immediate release. *See, e.g.*, *Rodriguez v. Knight*, No. 1:25-cv-00600-BLW, 2025 WL 3228285, at *9 (D. Idaho Nov. 19, 2025) (stating that where respondents have failed to articulate a legitimate interest in Petitioner being detained, immediate release is the appropriate remedy); *Santiago v. Noem*, No. EP-25-CV-361, 2025 WL 2792588, at *13–14 (W.D. Tex. Oct. 2, 2025) (same).

For these reasons, Petitioner has shown a likelihood of success on the merits of her request for immediate release from detention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00662-MWC-AS                                                    Date: February 18, 2026

Title:  Lizmarys Jose Licet Ramirez v. Fereti Semaia *et al.*

### ii. Irreparable Harm

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). "Moreover, the Ninth Circuit has recognized 'the irreparable harms imposed on anyone subject to immigration detention,' including 'subpar medical and psychiatric care in ICE detention facilities.'" *Delkash v. Noem*, No. 5:25-cv-01675-HDV-AGR, 2025 WL 2683988, at *6 (C.D. Cal. Aug. 28, 2025) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017)). Since denying Petitioner's Application would continue to deprive her of liberty without due process and subject her to the subpar conditions of ICE detention, this factor weighs in favor of granting Petitioner's release from detention.

### iii. Balance of Equities and Public Interest

As detailed above, the last two Winter factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). As to Respondents' interests, there is a compelling interest in the enforcement of the nation's immigration laws. *See Medina v. U.S. Dep't of Homeland Sec.*, 313 F. Supp. 3d 1237, 1252 (W.D. Wash. 2018). Still, Respondents have not articulated any interest in continuing to detain Petitioner in this case, nor is it clear than any such interest exists. Instead, Respondents "do not have an opposition argument to present" regarding Petitioner's release. *See Respondents' Reply* 2. Moreover, the balance of equities and the public interest factors tip in favor of Petitioner because she is challenging Respondents' likely violation of federal law. *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law." (citations omitted)); *Luu v. Bowen*, No. 5:25-CV-03145-MEMF-SP, 2025 WL 3552298, at *10 (C.D. Cal. Dec. 11, 2025) ("'Public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution.'" (quoting *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005))); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (noting that the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

Accordingly, and considering the other factors that the Court has already examined, Petitioner is entitled to immediate release from detention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00662-MWC-AS                                                              Date: February 18, 2026

Title:      Lizmarys Jose Licet Ramirez v. Fereti Semaia *et al.*

IV.   Bond Requirement

Rule 65 notes that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (emphasis in original)). "In particular, the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.* (cleaned up). "That is, the mandatory language of Rule 65(c) does not 'absolve[] the party affected by the injunction from its obligation of presenting evidence that a bond is needed, so that the district court is afforded an opportunity to exercise its discretion in setting the amount of the bond.'" *Vaskanyan v. Janecka*, No. 5:25-cv-01475-MRA-AS, 2025 WL 2014208, at *8 (C.D. Cal. June 25, 2025) (quoting *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003)).

Since the Court is ordering that Respondents follow the governing law, bond is unnecessary. *See Swan v. Tanjuakio*, No. 21-00052 JMS-KJM, 2021 WL 1794756, at *8 (D. Haw. May 5, 2021) ("The court is simply requiring [defendant] to follow the law. No bond is required." (footnote omitted)); *Hassanzadeh v. Warden*, No. ED CV 25-2113-DMG (MAAx), 2025 WL 3306272, at *6 (C.D. Cal. Nov. 25, 2025) (ruling that bond was unnecessary where the court ordered respondents to release immigration detainee from custody and follow the governing law).

V.   Conclusion

For the foregoing reasons, the Court **GRANTS** the Application and **ORDERS** Respondents to release Petitioner from detention immediately under the same conditions Petitioner was subject to prior to her July 15, 2025, detention. The Court **ENJOINS** Respondents from re-detaining Petitioner without providing notice and a pre-deprivation hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  5:26-cv-00662-MWC-AS                           Date: February 18, 2026

Title:    Lizmarys Jose Licet Ramirez v. Fereti Semaia *et al.*

    The Court **ORDERS** Respondents to show cause in writing no later than 7 days after this Order as to why a preliminary injunction should not issue.  Petitioner may file a response no later than 7 days after Respondents' filing.

    **IT IS SO ORDERED.**

                                                                                                                            :

**Initials of Preparer**   TJ